UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: HARDIEPLANK FIBER CEMENT
SIDING LITIGATION     MDL No. 2359


**TRANSFER ORDER**


**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiff in the District of Minnesota *Picht* action moves to centralize this litigation in the District of Minnesota or, alternatively, in the Central District of California. This litigation currently consists of four actions pending in the Central District of California, the Middle District of Florida, and the District of Minnesota, as listed on Schedule A.[1]

Lone defendant James Hardie Building Products, Inc. (James Hardie), supports centralization in the District of Minnesota, but proposes the Northern District of Illinois as an alternative transferee district should the District of Minnesota be unavailable.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the District of Minnesota will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions involve common factual questions arising from HardiePlank Fiber Cement exterior siding products manufactured and marketed by James Hardie. Plaintiffs in these actions allege that the siding was defectively designed and failed prematurely due to defects inherent in the siding's formulation. Plaintiffs further allege that James Hardie knew or should have known of the purported defects.

Centralization under Section 1407 will eliminate duplicative discovery and prevent inconsistent pretrial rulings, particularly with respect to class certification. None of the actions has advanced procedurally to a point where the efficiencies of centralization will not be realized. Further, centralization of these actions is consistent with the Panel's prior decision ordering centralization of actions relating to another manufacturer's allegedly defective exterior siding. *See In re CertainTeed Fiber Cement Siding Litig.*, 802 F. Supp. 2d 1369 (J.P.M.L. 2011) (centralizing seven actions involving common questions of fact as to the products' alleged defects).

---

[*] Judge Kathryn H. Vratil took no part in the decision of this matter.

[1] The parties have notified the Panel of three additional related actions that are pending in the Eastern District of California, the Northern District of Illinois, and the District of Minnesota. These actions and any other related actions are potential tag-along actions. *See* Panel Rule 7.1.

-2-

The District of Minnesota is an appropriate transferee district for this litigation. All moving and responding parties, including defendant, support centralization in the District of Minnesota. Two of the seven related actions are pending in that district, including the first-filed action. Further, centralization in this district permits the Panel to assign the litigation to an experienced judge familiar with the issues in these cases.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Minnesota are transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable Michael J. Davis for coordinated or consolidated pretrial proceedings with the action pending there.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

W. Royal Furgeson, Jr.    Barbara S. Jones
Paul J. Barbadoro    Marjorie O. Rendell
Charles R. Breyer

IN RE: HARDIEPLANK FIBER CEMENT
SIDING LITIGATION                                                    MDL No. 2359

## SCHEDULE A

Central District of California

Hugh Fenwick v. James Hardie Building Products, Inc., C.A. No. 8:12-00192
Michael Swiencki v. James Hardie Building Products, Inc., C.A. No. 8:12-00267

Middle District of Florida

The Susan S. Buchanan Personal Residence Trust, et al. v. James Hardie Building
    Products, Inc., C.A. No. 8:12-00319

District of Minnesota

Heidi Picht v. James Hardie Building Products, Inc., C.A. No. 0:11-00958